# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

EDWIN MELENDEZ,

           Plaintiff,

v.                                        Case No. 6:09-cv-1552-Orl-28GJK

LAWSON LAMAR, MICHELLE LATHAN,
and MAUREEN BELL,

           Defendants,
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motions:

> **MOTION:**     **AFFIDAVIT OF INDIGENCY (Doc. No. 2)**
>
> **FILED:**     September 10, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot. See Doc. No. 6.**

> **MOTION:**     **AFFIDAVIT OF INDIGENCY (Doc. No. 6)**
>
> **FILED:**     September 10, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Amended Civil Rights Complaint (Doc. Nos. 4-5) be dismissed.**

## I. BACKGROUND

On September 10, 2009, *pro se* Plaintiff Edwin Melendez ("Melendez") instituted this action by filing a emergency civil rights complaint form alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights and requesting an emergency restraining order against the Defendants. Doc. No. 1. Simultaneously, Melendez filed an Affidavit of Indigency requesting that he be allowed to proceed *in forma pauperis*. Doc. No. 2. On September 11, 2009, Melendez filed an Amended Civil Rights Complaint (the "Amended Complaint") requesting the same relief. Doc. Nos. 4-5. Melendez also filed second Affidavit of Indigency (the "Motion") seeking to proceed *in forma pauperis*. Doc. No. 6. Accordingly, because the original complaint and Affidavit of Indigency have been superseded by the Amended Complaint and the Motion, the undersigned recommends that the Court **DENY as moot** the original Affidavit of Indigency (Doc. No. 2).

In the Amended Complaint, Melendez alleges that he has pending state criminal charges in the state of Florida for violations of Sections 836.04 and 784.048(s), Florida Statutes. Doc. No. 4 at 1. On September 3, 2009, Melendez alleges that the presiding state court judge, the Honorable Maureen Bell, stated that if Melendez proceeds to trial and loses he will face eight years "in jail." Doc. No. 4 at 1-2. Melendez requests the following relief:

> Im [sic] asking this court to review the criminal Defamation charges that I have been charged with (Florida Criminal Libel/Defamation 836.04 and 836.11) and if the Federal Court views these laws as Unconstitutional then im [sic] asking the Federal Court to issue a restraining order to the State Attorneys office from seeking prosecution against me on these charges.

Doc. No. 4 at 2. Thus, Melendez is requesting that the district court declare Sections 836.04,

836.11, and 784.048(2), Florida Statutes, unconstitutional and enjoin the prosecution of his pending state criminal proceeding.

## II. APPLICABLE LAW

### A. The Statute and Local Rules

The United States Congress has required that the district court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. *See* 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly § 1915 (d)).[2]

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07 (a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma*

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915 (e)(2) and Local Rule 4.07 (a).

[2] Similarly, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

*pauperis*. Local Rule 4.07 (a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a District Judge, the United States Magistrate Judge may make recommendations to the District Judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### 1. Discretion Under 28 U.S.C. § 1915

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is frivolous.[3] *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785*; Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

### 2. Frivolous and Malicious Actions Under 28 U.S.C. § 1915 (e)(2)(B)(I)

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Georgia Pardons and Paroles Board*, 915 F.2d 636, 639 (11th Cir. 1990). The trial court must

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *See Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Clark*, 915 F.2d at 639. A district court should order a Section 1915 dismissal only when a claim lacks an arguable basis in law. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Claims may lack an arguable basis in law because of either factual or legal inadequacies. *Id.*

   **B. Abstention**

There is a longstanding national policy forbidding federal courts from staying or enjoining pending state court criminal proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 41 (1971). In *Younger*, 401 U.S. at 43-45, the United States Supreme Court explained the principles of equity and comity underlying why federal courts should abstain from enjoin ongoing state criminal proceedings.

> The precise reasons for this longstanding public policy against federal court interference with state court proceedings have never been specifically identified but the primary sources of the policy are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief. The doctrine may originally have grown out of circumstances peculiar to the English judicial system and not applicable in this country, but its fundamental purpose of restraining equity jurisdiction within narrow limits is equally important under our Constitution, in order to prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted. This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways. This, perhaps for lack of a better and clearer way to describe it, is referred to by many as 'Our Federalism,' and one familiar with the profound debates that ushered our Federal Constitution into existence is bound to respect those who remain loyal to the ideals and

dreams of 'Our Federalism.' The concept does not mean blind deference to 'States' Rights' any more than it means centralization of control over every important issue in our National Government and its courts. The Framers rejected both these courses. What the concept does represent is a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States. It should never be forgotten that this slogan, 'Our Federalism,' born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future.

. . .

This brief discussion should be enough to suggest some of the reasons why it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions. In *Fenner v. Boykin*, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927 (1926), suit had been brought in the Federal District Court seeking to enjoin state prosecutions under a recently enacted state law that allegedly interfered with the free flow of interstate commerce. The Court, in a unanimous opinion made clear that such a suit, even with respect to state criminal proceedings not yet formally instituted, could be proper only under very special circumstances:

'*Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely unon [sic] his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.' *Id*., at 243-244, 46 S.Ct. at 493.

. . .

These principles, made clear in the *Fenner* case, have been repeatedly followed and reaffirmed in other cases involving threatened prosecutions.

*Younger*, 401 U.S. at 43-45. There are three narrow exceptions to the *Younger* abstention doctrine, where: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n. 6 (11th Cir. 2004).

In addition to abstaining from entertaining an injunction of state court criminal proceedings, since declaratory relief "will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid" federal courts also should not entertain actions for declaratory relief against pending state criminal actions. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

### III. APPLICATION

Melendez brought this action in federal court after the state instituted criminal proceedings against him. Melendez seeks to have this Court interfere with a pending state court criminal proceeding by declaring unconstitutional the three statutes he has been charged with violating and issuing an injunction prohibiting the state of Florida from prosecuting him. *See* Doc. Nos. 4-5. This is precisely the situation covered by the *Younger* abstention doctrine. Melendez has failed to establish any of the three narrow exceptions to the *Younger* abstention doctrine should apply to this case. First, Melendez has not alleged any bad faith on the part of the judicial or prosecuting officials. Second, Melendez has not demonstrated that an irreparable injury will occur if this Court does not exercise jurisdiction over his claims. Third, there is an adequate alternative state forum where Melendez may challenge the constitutionality of the statutes at issue. Because the state court proceeding remains pending, Melendez can raise his claims in that forum. *See Judice v. Vail*, 430 U.S. 327, 337 (1977). If Melendez is convicted of the pending state criminal charges, he may be

entitled to relief, but before he presents such a claim to a federal habeas court, he must properly exhaust all of his constitutional claims in the state courts, either on direct appeal or by motion for post-conviction relief. *See Rose v. Lundy*, 455 U.S. 409, 522 (1982).

Based on the forgoing, the undersigned recommends that the Court:

1) **DENY** the Motion (Doc. No. 6);

2) Abstain from exercising jurisdiction in this case;

3) Dismiss the Amended Complaint (Doc. Nos. 4-5); and

4) Direct the Clerk to close the case.

**The Clerk is directed to send a copy of this recommendation to Plaintiff by Certified Mail.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 16, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Unrepresented parties by Certified Mail
Counsel of record